IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **United States of America**, <br><br> Plaintiff. <br><br> v. <br><br> **Samuel Diaz-Rivera,** <br><br> Defendant. | Case No. 3:12-cr-00355-SI <br><br> **OPINION AND ORDER** |

S. Amanda Marshall, United States Attorney, and John C. Laing, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Attorneys for United States.

Samuel Diaz-Rivera, 12196-298, Sheridan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000, Sheridan, OR. *Pro se*.

**Michael H. Simon, District Judge.**

Before the Court is Defendant Samuel Diaz-Rivera's ("Diaz-Rivera") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Dkt. 23. For the reasons set forth, the motion is denied.

**STANDARDS**

Section 2255 permits a prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

PAGE 1 – OPINION AND ORDER

> [T]he sentence was imposed in violation of the Constitution or
> laws of the United States, or that the court was without jurisdiction
> to impose such sentence, or that the sentence was in excess of the
> maximum authorized by law, or is otherwise subject to collateral
> attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In determining whether a Section 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citation and quotation omitted). A district court may dismiss a Section 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 & n.3 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a Section 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

The established federal law governing claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under *Strickland*, a challenger must prove (1) that counsel's performance was deficient and (2) that there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688.

PAGE 2 – OPINION AND ORDER

Under the first prong of *Strickland*, in order for counsel's performance to be constitutionally deficient, it must fall below an objective standard of reasonableness. *Id.* A "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (quoting *Strickland*, 466 U.S. at 687).

Under the second prong of *Strickland*, prejudice is established where there is "a probability sufficient to undermine confidence in the outcome." To show prejudice in the context of a plea of guilty, the challenger must demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." *Hill*, 474 U.S. at 56 (citation and quotation marks omitted).

## BACKGROUND

On December 12, 2012, Diaz-Rivera pled guilty in two cases charging the following counts: (1) Conspiracy to Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a) and 846, in Case No. 3:12-cr-00355-SI; and (2) Illegal Reentry into the United States, in violation of 8 U.S.C. § 1326(a), in Case No. 3:12-cr-00212-SI. In Diaz-Rivera's Plea Agreement, he waived the right to appeal his conviction except for several listed specific grounds, and he waived his right to file a Section 2255 motion except under specified

circumstances. The Plea Agreement made note that the Court is not bound by the recommendations of the parties or of the presentence writer. The agreement was signed by Diaz-Rivera, his former Counsel, Larry R. Roloff, and his interpreter, Osean Hector Pichardo. The government recommended a sentence of 87 months' imprisonment, followed by a three-year term of supervised release, and a fee assessment of $100 on each count of conviction. Diaz-Rivera was sentenced on March 14, 2013, to a sentence of 78 months' imprisonment for both counts to be served concurrently, followed by a five-year term of supervised release, and a fee of $100 on each count of conviction.

Diaz-Rivera filed this post-conviction motion pursuant to 28 U.S.C. § 2255 on May 2, 2013. Diaz-Rivera petitions to vacate, set aside, or correct his sentence on four grounds: (1) the lack of a translator left him unable to understand the proceedings; (2) the conviction obtained by plea of guilty was unlawfully induced because he was told he would get a year and a day; (3) the unconstitutional failure of the prosecution to disclose to the defense evidence favorable to the defendant based on Diaz-Rivera's alleged innocence; and (4) the denial of effective assistance of counsel for failing to subpoena exculpatory evidence.

## DISCUSSION

### A.  Grounds for Collateral Attack Waived Under the Plea Agreement

Diaz-Rivera's argues in his Section 2255 motion that (1) the lack of a translator left him unable to understand the proceedings, and (2) that his conviction was unlawfully induced because he was promised that his sentence would be a year and a day. If Diaz-Rivera knowingly and voluntarily understood the waiver provision in the Plea Agreement, both challenges are barred on collateral attack. Thus, the relevant question is whether Diaz-Rivera understood the terms of the Plea Agreement. For the reasons that follow, the Court concludes that Diaz-Rivera knowingly and voluntarily waived both arguments.

PAGE 4 – OPINION AND ORDER

"The Supreme Court has found that knowing and voluntary constitutional waivers do not violate due process." *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) (citing *Boykin v. Alabama*, 395 U.S. 238, 243 (1969)). Similarly, "a defendant's waiver of a nonconstitutional right, such as the statutory right to appeal a sentence, is also waivable." *Id.* (citing *Abney v. United States*, 431 U.S. 651, 656 (1977)).

The Ninth Circuit enforces a waiver of appeal rights where two criteria are met: "(1) the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009) (citation and quotation omitted). A court will analyze "whether the agreement, by its terms, waives the right to appeal." *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

Diaz-Rivera's Plea Agreement provides that he expressly waives, *inter alia*,

> [T]he right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

Dkt. 16. In his Petition to Enter a Plea of Guilty, Diaz-Rivera acknowledged:

> 9. In this case I am pleading "GUILTY" under Rules 11(c)(1)(A) [Crossed out] and 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(A) to be as follows:
>
> I plead guilty under Rule 11(c)(1)(A), pursuant to a Plea Agreement whereby the prosecutor has promised to dismiss other charges against me; therefore, at or before sentencing, the judge must either accept the Plea Agreement or allow me to withdraw my plea. [Crossed out]
>
> My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:
>
> I plead guilty under Rule 11(c)(1)(B); therefore, although the judge will consider recommendations and agreements of both the prosecution and the defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or

PAGE 5 – OPINION AND ORDER

>agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my plea agreement with the prosecutor, I do not have a right to withdraw my plea.

Dkt. 15. The same text in paragraph 9, quoted above, was followed by identical text in Spanish. *Id.*

During a thorough Federal Rule of Criminal Procedure Rule 11 colloquy with Diaz-Rivera, prior to Diaz-Rivera pleading guilty, the Court found Diaz-Rivera capable and competent to enter a plea. Dkt. 28-1 at 5. A court-certified translator was present at both the change of plea hearing and the sentencing hearing. Dkts. 28-1, 28-2. With the aid of the court-certified translator, the Court asked Diaz-Rivera whether the indictments, relevant information, and plea offer were explained to him in Spanish, and he responded that they were. Dkt. 28-1 at 6-7. Diaz-Rivera also represented that he understood the terms of the Plea Agreement. *Id.* at 7. Diaz-Rivera received paper copies of the Petitions to Enter Plea of Guilty on both charges in both English and Spanish, and represented that he could read Spanish. *Id.* at 5-7. Diaz-Rivera affirmed that the Plea Agreement represented, in its entirety, the understanding he had with the government, and that he understood the consequences of entering a guilty plea on both charges. *Id.* 7-10.

Pursuant to Rule 11(c)(3)(A)-(B), the Court engaged Defendant in the following colloquy regarding the plea:

>THE COURT: Do you understand that the terms of the plea agreement are merely recommendations to the Court, recommendations to me, and I can reject those recommendations without permitting you to withdraw your plea agreement of guilty, and I may impose a sentence that is more severe than you may anticipate? Do you understand that?
>
>THE DEFENDANT: Yes.
>
>THE COURT: Now, has anyone in any way tried to force you to plead guilty or otherwise threatened you to get you to plead guilty?
>
>THE DEFENDANT: No.

PAGE 6 – OPINION AND ORDER

THE COURT: Has anyone made any promises or assurances to you of any kind to get you to plead guilty other than the promises that are explicitly set forth in the plea agreement?

THE DEFENDANT: No.

THE COURT: Are you pleading guilty to both sets of charges of your own freewill because you are, in fact, guilty of both charges?

THE DEFENDANT: Yes.

. . . .

THE COURT: Now, I'm not going to be determining the sentence today. I'll schedule a sentencing hearing for the latter part of February, most likely, and before that I'll ask the probation officer to meet with you to prepare a presentence report for me. You'll have the continued assistance of counsel. Mr. Roloff will be available to assist you in that process.

After the probation officer prepares a draft of that report, both you and your attorney will have the opportunity to review it, make any suggested changes, and you will also have the opportunity to make any objections that I will ultimately rule on if you have any objections to the presentence report. The Government will also have similar opportunities to make suggested changes to the probation officer, as well as to file any objections with me.

One of the items that will be discussed in the presentence report will be the application of what's called the advisory sentencing guidelines. Have you had an opportunity to discuss with your counsel, Mr. Roloff, how the advisory sentencing guidelines might apply in your case?

THE DEFENDANT: Yes.

THE COURT: Have all your questions been answered?

THE DEFENDANT: Yes.

THE COURT: Now, do you understand that I have the authority, at least within the limits set forth under the law, to consider other sentencing factors besides the advisory guidelines? Those factors are set forth in Title 18 of the United States Code at Section 3553(a).

> Do you understand that when I consider those factors it may result in the imposition of a sentence that is either greater or less than the advisory guideline sentence? Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, under some circumstances, either you or the Government may have the right to appeal any sentence that I impose.
>
> Now in paragraph 13 of your plea agreement letter—and that's the letter that's just in English—it describes and sets forth what's called a waiver or appeal, waiver of post-conviction relief. Do you understand that as part of your plea agreement you are waiving or giving up your rights to appeal or to collaterally attack all or part of the sentence, at least subject to the limitations set forth in the waiver of appeal rights? Do you understand that?
>
> THE DEFENDANT: Yes.

Dkt. 28-1 at 9, 11-13. At the conclusion of the Change of Plea hearing, the Court found that:

> [W]ith respect to each case the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty in each case is a knowing and voluntary plea, supported by an independent basis in fact, containing each of the essential elements of the offence.

*Id.* at 18.

Diaz-Rivera waived his right in the Plea Agreement to bring a Section 2255 motion on any ground other than ineffective assistance of counsel, newly discovered evidence (Fed. R. Crim. P. 33), or for a sentence reduction based on a sentencing range that has been subsequently been lowered by the Sentencing Commission (18 U.S.C. § 3582(c)(2)). Dkt. 16. Accordingly, the following grounds for collaterally attacking his conviction are without merit: (1) the lack of a translator left Diaz-Rivera unable to understand the proceedings; (2) the conviction obtained by

plea of guilty was unlawfully induced because Diaz-Rivera was told he would get a year and a day.[1]

With regard to the alleged lack of a translator at the proceedings, Diaz-Rivera's argument is without merit because there was a translator present during the Change of Plea hearing. Dkt. 28-1 at 4. Diaz-Rivera's waiver was both knowing and voluntary. The explicit terms of the Petition to Enter Plea of Guilty in both English and Spanish, the text of the Plea Agreement, and Diaz-Rivera's responses to the Court reveal that he knowingly and voluntarily waived his right to collaterally attack his sentence. Diaz-Rivera's counsel, Mr. Roloff, filed an affidavit confirming that an interpreter was present when he met with his client to review documents, plea offers, and the presentence report. Dkt. 31 at 3.[2] The Court finds Diaz-Rivera was not suffering from diminished capacity and that his waiver was knowing and voluntary.

## B. Failure of the Prosecution to Produce Favorable Evidence

Under Federal Rule of Criminal Procedure 33(b), a defendant may file a motion for a new trial based on newly discovered evidence within three years after the verdict or finding of guilty. Fed. R. Crim. P 33(b)(1). Diaz-Rivera did not waive his right to challenge his sentence under Section 2255 based on newly discovered evidence. In his Section 2255 motion, he asserts that:

---

[1] Diaz-Rivera's second basis of appeal could be framed as an argument that he received ineffective assistance of counsel. The record, however, provides no support for this argument. Based on the analysis in Subsection C, *infra*, Mr. Roloff's representation of Diaz-Rivera did not fall below an objective standard of reasonableness. Mr. Roloff, in the Affidavit of Counsel that he submitted to the Court, explained: "I do not and have never promised a criminally charged defendant a particular sentence." Dkt. 31 at 4. Furthermore, the government in the Plea Agreement did not promise Diaz-Rivera a particular sentence and the court made clear in the Change of Plea hearing that the Court retained discretion to impose a sentence that could be either higher or lower than the sentencing guidelines. *See* Dkts. 28-1 at 11-12; 16 at 1-3.

[2] The Court granted the Government's motion to file Mr. Roloff's affidavit under seal because it contains attorney-client information.

PAGE 9 – OPINION AND ORDER

> Ground one: (f) my attorney didn't tell me I was pleading guilty to all charges.
>
> Supporting FACTS (state *briefly* without citing cases or law): I had nothing to do with the drugs[.] There was no evidence brought forth and they didn't disclose it to my discovery.[3]

This challenge is meritless. Diaz-Rivera did not provide in his motion any specific facts showing what newly discovered evidence was obtained, but instead, essentially contends that he is not guilty. In making this statement, he has failed to provide "specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062 (citation and quotation omitted). Mr. Roloff's affidavit indicates that he obtained discovery from the U.S. Attorney's office and reviewed all the relevant charges and evidence with his client. Furthermore, Diaz-Rivera's colloquy with the Court indicates that he understood the meaning of the plea, that he was not required to plead guilty to either charge, and that he had a right to trial by jury and to the presumption of innocence. Dkt. 28-1 at 13, 17. In this instance, based on Mr. Roloff's affidavit and Diaz-Rivera's failure to provide specific facts to the contrary, Diaz-Rivera's motion does not give rise to a claim for relief and appears inconsistent with the totality of the record. *See Schaflander*, 743 F.2d at 717 (rejecting Section 2255 claims that are "palpably incredible").

## C. Ineffective Assistance of Counsel

Diaz-Rivera next argues that he was denied effective assistance of counsel. His specific factual allegations are that "my attorney didn't [subpoena] the evidence and it never got

---

[3] The "(f)" cited in Defendant's motion under Section 2255 refers to one of the frequent grounds for relief provided in the Section 2255 form and reads "(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." *See* Dkt. 23 at 4.

disclosed to us. The attorney said guilty when I wasn't agreeing to it." Dkt. 23 at 4. A plea agreement cannot waive claims that the waiver itself was involuntary or that the ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding "that a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to a claim that challenges the voluntariness of the waiver"). Where a challenger "is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Under the *Strickland* test, Diaz-Rivera must first establish that defense counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688. Next, in order to establish prejudice, he must establish that, "but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Smith*, 611 F.3d at 986 (quoting *Hill*, 474 U.S. at 59). Diaz-Rivera alleges two failures by counsel: First, he claims his attorney failed to subpoena relevant evidence. Second, he claims that his "attorney said guilty when [he] wasn't agreeing to it," and in essence argues that his counsel induced him to enter the guilty plea. Diaz-Rivera offers no evidence in his support of motion aside from assertions that the events occurred.

### 1. Failure to Subpoena Relevant Evidence

With regard to the first basis for the ineffective assistance of counsel claim, Diaz-Rivera claims that his attorney failed to subpoena relevant evidence. Based on a review of the record, and Mr. Roloff's affidavit to this Court, there is no support for the contention that Mr. Roloff failed to subpoena evidence. Mr. Roloff stated that: "I obtained the discovery from the U.S. Attorney's office and reviewed it with my client on several occasions." Dkt. 29. Moreover, this

PAGE 11 – OPINION AND ORDER

Court confirmed with Diaz-Rivera that he was satisfied with the representation he received from Mr. Roloff:

> THE COURT: Have you had an opportunity to discuss the charges in both cases, the terms of the plea agreement, and frankly, the general process with your attorney, Mr. Roloff?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you fully satisfied with the legal counsel, the legal advice that has been given to you so far in this case—in the two cases by Mr. Roloff?
>
> THE DEFENDANT: Yes.

Dkt. 28-1 at 7-8.

Further, the Ninth Circuit has made clear that even to obtain a hearing, much less prevail on a Section 2255 motion, "the movant [must make] specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062 (citation and quotation marks omitted). In addition, Rule 2(b)(2) of the Rules Governing Section 2255 Proceedings requires a defendant making a Section 2255 motion to "state facts supporting each ground."

All evidence in the record indicates that Mr. Roloff, after a thorough investigation of his client's case, recommended that his client accept the Plea Agreement with the government and made every effort to minimize the sentence. Dkt. 29 at 2. Mr. Roloff's actions in this case are in accord with an objective standard of reasonableness required under *Strickland*. *See Strickland*, 466 U.S. at 688. Diaz-Rivera has failed to explain what evidence Mr. Roloff failed to subpoena. Without this specific fact, there is no indication he would have gone to trial rather than accept the Plea Agreement. *See Smith*, 611 F.3d at 986. Moreover, Mr. Roloff attested that "Mr. Diaz-Rivera did admit at the conclusion of the case that he knew it could have been much worse." Dkt. 29.

PAGE 12 – OPINION AND ORDER

On this record, the Court concludes that Diaz-Rivera has not established he received ineffective assistance of counsel with respect to Mr. Roloff's alleged failure to subpoena evidence.

### 2. Voluntarily Entered Guilty Plea

With regard to the second basis for the ineffective assistance of counsel claim, Diaz-Rivera's assertion contradicts his knowing and sworn statements to the Court during Defendant's Change of Plea proceeding. The Court had a direct colloquy with Diaz-Rivera, not his counsel, to confirm that Defendant understood that he was entering a plea of guilty:

> THE COURT: Do you believe you understand the plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you believe you understand the terms of the plea agreement?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: Does the plea agreement represent, in its entirety, the understanding that you have with the Government?
>
> THE DEFENDANT: Yes.
>
> . . . .
>
> THE COURT: Now, has anyone in any way tried to force you to plead guilty or otherwise threatened you to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> . . . .
>
> THE COURT: Are you pleading guilty to both sets of charges of your own free will because you are, in fact, guilty of both charges?
>
> THE DEFENDANT: Yes.

Dkt. 28-1 at 7-9. Diaz-Rivera's "solemn declarations in open court carry a strong presumption of verity." *United States v. Rivera-Rameriez*, 715 F.2d 453, 458 (9th Cir. 1983) (holding that a defendant's ineffective assistance of counsel claim was without support in the record because it was contradicted by the defendant's statement in open court that he was satisfied with the representation he had received). Based on the Court transcript, Diaz-Rivera's contention that his counsel entered a plea of guilty against Defendant's wishes is contracted by his colloquy with the Court. As a result, the Court finds that Defendant has failed to demonstrate that defense counsel's representation fell below an objective standard of reasonableness as required by *Strickland*.

## CONCLUSION

For these reasons, the Court **DENIES** Diaz-Rivera's Motion (Dkt. 23) to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The Court also **DECLINES** to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 30th day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 14 – OPINION AND ORDER